UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:15-CV-059-DMB-JMV |
| ) | |
| LEFLORE COUNTY, ) | |
| MISSISSIPPI, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America (the "United States"), by its undersigned attorneys, hereby files this Complaint and alleges upon information and belief:

1. The United States files this Complaint pursuant to the pattern or practice provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, to enjoin Defendant Leflore County ("Leflore") from depriving children confined in the Leflore County Juvenile Detention Center ("Detention Center") of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

### JURISDICTION, STANDING and VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

4. Venue in the United States District Court for the Northern District of Mississippi is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant is Leflore County, Mississippi.

7. Leflore is a governmental authority with responsibility for the administration of juvenile justice or the incarceration of juveniles within the meaning of 42 U.S.C. § 14141, and it operates the Detention Center in Greenwood, Mississippi. This action concerns conditions at the Detention Center.

8. Leflore is legally responsible, in whole or in part, for the operation of the Detention Center and for the safety and welfare of the children confined there.

9. Leflore is obligated to operate the Detention Center in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of children confined at the Detention Center.

10. At all relevant times, Leflore has acted or failed to act under color of state law.

## FACTS

### The Detention Center

11. The Detention Center is a 30-bed short-term facility that Leflore owns and operates for the detention of children. Male and female children between 10 and 17 years of age are typically detained at the Detention Center for periods ranging from a few hours to more than

30 days, although the Detention Center has the capability to house children for 90 days. The Detention Center can house hundreds of children each year, with some children returning to the Detention Center multiple times or in quick succession.

12. In addition to detaining children from Leflore, the Detention Center contracts with several other Mississippi counties to detain children. Among the counties that contract with Leflore for juvenile detention are Attala, Bolivar, Calhoun, Carroll, Choctaw, Coahoma, Grenada, Holmes, Humphrey, Leake, Montgomery, Panola, Quitman, Sunflower, Tallahatchie, Tate, Tunica, Yalobusha and Webster.

### The United States' Investigation

13. The United States, pursuant to an investigation of the Detention Center, has determined that Leflore, through its acts and omissions, engages in a pattern or practice of conduct that violates the Constitutional and statutory rights of youth at the Detention Center.

14. The United States' findings are outlined in a March 31, 2011 Letter of Findings, which is attached and incorporated here by reference. Specifically, the investigation uncovered "undue use of restraints, arbitrary imposition of punishment, inadequate grievance procedures, failure to report and investigate abuse, inadequate classification systems, inadequate rehabilitative treatment, inadequate medical and mental health care, inadequate suicide risk protections, inadequate environmental safety, inadequate staffing, and inadequate educational services."

15. After the release of the Findings Letter, the United States conducted a supplemental on-site inspection in December 2013. The Detention Center had by then ended

some of its most troubling practices, such as chaining children to fixed objects. However, the 2013 inspection revealed ongoing violations of youth's Fourteenth Amendment rights at the Detention Center, including those described in paragraphs 18-23 below.

16. In the months following the 2013 on-site visit, the United States and Leflore entered into negotiations to resolve the security and facility conditions violations identified in the Findings Letter. The United States and Leflore have reached a settlement to resolve those claims and contemporaneously are filing a "Joint Motion for Entry of Settlement Agreement" and "Memorandum Brief in Support of Entry of Settlement Agreement."

17. On September 16, 2013, Mississippi Governor Phil Bryant issued a proclamation placing the Leflore county school district (which includes the school at the Detention Center) under the jurisdiction of the Mississippi Board of Education ("Board") pursuant to Mississippi law and authorized the Board "to abolish the district and its existing school board and superintendent of schools." As a result, the State and Board provide educational services at the Detention Center school and Leflore claims that it no longer is involved in providing education services at the Detention Center. Thus, the Settlement Agreement between the United States and Leflore does not resolve the United States' findings of violations of children's educational rights at Leflore.

## Inadequate Suicide Prevention Practices

18. The Findings Letter warned of suicide hazards in children's cells, including protrusions and tying-off points that pose a risk of hanging. The Detention Center does not protect children against the risk of suicide and still fails to screen or monitor potentially suicidal

children. On November 21, 2013, a boy at the Detention Center attempted suicide, which demonstrated the failure of the Detention Center's screening and monitoring of potentially suicidal children. The suicide attempt occurred due to conditions that have existed at the Detention Center for years, including failure to eliminate tying-off points, to monitor children and to take suicide precautions.

### Unreasonable Risks to Safety and Welfare

19. The Detention Center staff fails to supervise children consistently and appropriately. The Detention Center has experienced serious lapses in security (including concealment of contraband and a successful escape) even after the release of the Findings Letter. These security lapses jeopardize the safety of children and staff.

20. The Detention Center's physical environment poses an unreasonable risk to the safety and welfare of detained children. Cells and showers are extremely dirty, which exposes children to the risk of disease and infectious agents.

21. The Detention Center's fire safety and emergency planning is inadequate and exposes both children and staff to an unnecessarily high risk of harm, including death. The fire plan for evacuating children and staff is dangerous, and the Detention Center does not have an adequate plan for evacuation in the event of a tornado or other emergency.

### Failure to Investigate Abuse

22. The Detention Center is obligated to conduct internal investigations of alleged abuse to keep children reasonably safe. Once an allegation of abuse has been made, a proper investigation is required to collect evidence to verify or disprove the allegation.

5

23. The Detention Center does not follow its own procedures for reporting and investigating allegations of child abuse. Internal investigations are cursory and do not include examination by medical staff, photographs of alleged injuries, or other basic elements of accurate investigations.

## Violations of Fourteenth Amendment

24. The United States incorporates by reference the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

25. Leflore's acts and omissions alleged in Paragraphs 1-23 constitute a pattern or practice of conduct that violates the federal rights of children confined at the Detention Center, as protected by the Fourteenth Amendment to the Constitution of the United States.

26. Unless restrained by this Court, Leflore will continue to engage in the acts and omissions set forth in Paragraphs 1-23 that deprive children confined at the Detention Center of rights, privileges, or immunities secured or protected by the Constitution of the United States, causing irreparable harm to these children.

## PRAYER FOR RELIEF

27. The Attorney General is authorized, pursuant to 42 U.S.C. § 14141, to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

      a.      Declaring that the acts, omissions, and practices of Leflore set forth in Paragraph 1-23 above constitute a pattern or practice of conduct that deprives the children detained at the Detention Center of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and that those acts, omissions, and practices violate the Constitution and laws of the United States;

      b.      Permanently enjoining Leflore, its officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with it from continuing the acts, omissions, and practices set forth in Paragraphs 1-23 above, and requiring Leflore to take such actions as will ensure that lawful conditions of confinement are afforded to children at the Detention Center; and

      c.      Granting such other and further equitable relief as the Court may deem just and proper.

| | |
|---|---|
| DATE: May 12, 2015 | Respectfully submitted, |
| FELICIA C. ADAMS<br>United States Attorney<br>Northern District of Mississippi<br><br>/s/ Ralph M. Dean, III<br>RALPH M. DEAN, III, MBN 6010<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Northern District of Mississippi<br>Ethridge Building<br>900 Jefferson Ave.<br>Oxford, MS 38655<br>(662) 234-3351 (T)<br>(662) 234-3318 (F)<br>Ralph.Dean@usdoj.gov | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division<br>United States Department of Justice<br><br>MARK J. KAPPELHOFF<br>Deputy Assistant Attorney General<br><br>JUDY C. PRESTON<br>Acting Chief<br>Special Litigation Section<br><br>SHELLEY R. JACKSON<br>Deputy Chief<br>Special Litigation Section<br><br>/s/ Cynthia Coe/s/<br>CYNTHIA COE<br>Trial Attorney<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>(202) 353-1121(T)<br>(202) 514-4883 (F)<br>Cynthia.Coe@usdoj.gov<br><br>Attorneys for Plaintiff |